[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves the dissolution of the eight year marriage of the parties. The court heard the evidence, evaluated the credibility and demeanor of the parties, and examined the documentary exhibits and pleadings. The court has made the following findings of fact.
The wife, now sixty-five, was married to the husband, now seventy-one, on September 23, 1991. Prior to the marriage, the parties had a long and uneven relationship. In 1962, the wife gave birth to the parties daughter. In 1985, they purchased a home together. That home was later sold, and the profits divided sixty percent to the husband and forty percent to the wife. The husband used his share to purchase in his sole name the house in Bloomfield where the parties resided during the marriage and continue to reside now.
The husband was abusive to the wife on several occasions during the marriage. Moreover, he regarded her more as a guest in what he regarded as his house than a partner in marriage. He controlled her access to the basic facilities of the house. He had retired from the Hartford Police Department approximately eleven years before the marriage, and had earned a pension from the department. In addition, he had accumulated some assets, and was not interested in having his wife have access to them. As a result, the parties' assets were not intermingled. During the dissolution action, the husband sold a valuable vehicle and gave $6,000.00 of the proceeds to his son. In addition, he fraudulently failed to list all of his assets on his financial affidavit. Although the court cannot find the exact amount of the savings bonds he failed to disclose, the court does find that his assets exceed the values sworn to by the husband.
Based upon the evidence and in light of the statutory criteria set forth in Sections 46b-64, 46b-81, and 46b-83 together with applicable case law, the court enters the following orders: CT Page 3004
1. The marriage of the parties, having broken down irretrievably, is dissolved.[1]
2. The husband will pay the wife $5,000.00 from the proceeds of the sale of the 1993 vehicle within thirty days.
3. The husband will assign to the wife the $3,500.00 in savings bonds listed on his financial affidavit, or the equivalent in cash, within thirty days.
4. The husband will transfer to the wife by Qualified Domestic Relations Order the sum of $7,500.00 from the HPD Credit Union IRA listed on his financial affidavit. The QDRO shall be prepared at the husband's expense.
5. The husband shall pay the wife's attorney fees in the amount of $1,000.00 within thirty days.
6. The wife shall have a lien against the residence of the husband in an amount sufficient to assure her collection of the above amounts, which shall not be discharged until the amounts have been paid.
7. The wife shall not pay the husband alimony. The husband shall pay the wife the sum of $1.00 per year in alimony, modifiable in the event that he fails to make the payments set forth above but not otherwise modifiable as to amount. The husband's obligation to pay alimony shall terminate when the amounts due to the wife as set forth herein have been paid.
Judgment shall enter accordingly.
Gruendel, J.